IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

MARK JACKSON,

                 Plaintiff,

v.

ROHM & HASS COMPANY, ET AL.,

                 Defendants.

No. 06-CV-3682

---

## ORDER

AND NOW, this ___ day of _____, 200__, it is hereby ORDERED that the Motion of Defendants, Liberty Life Assurance Company of Boston and Lori Hamlin, for Sanctions Pursuant to Federal Rule of Civil Procedure 11 is GRANTED as to Plaintiff's Amended Complaint.  Sanctions will be imposed as follows: (1) Plaintiff Mark Jackson, his counsel Richard J. Silverberg, Esquire, and Mr. Silverberg's firm Richard J. Silverberg & Associates are hereby enjoined from bringing any further litigation based on or related to the prior state court proceedings (Court of Common Pleas, Philadelphia County, June Term 1999, Nos. 1906 and 3824), the prior federal actions (Civil Action Nos. 03-5299 and 05-2988), or the above-captioned action, or the subject matter of those proceedings and actions, without the prior approval of this Court; and (2) Messrs. Jackson and Silverberg, and Mr. Silverberg's firm, shall pay defendants an amount equal in the aggregate to Defendants' expenses and attorneys' fees reasonably incurred in connection with the defense of this action.

Defendants are directed to submit to the Court a joint statement of their expenses and attorneys' fees and a proposed calculation of the sanction amount within fourteen calendar days from the entry of this Order, Plaintiff and his counsel, Mr. Silverberg, shall have fourteen days

therefrom to respond, and Defendants shall have seven calendar days after service of Plaintiff's response in which to file a reply.

_____
LOUIS H. POLLAK, J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

----------------------------------------------------------------------

MARK JACKSON,

                        Plaintiff,                        No. 06-CV-3682

         v.

ROHM & HASS COMPANY, ET AL.,

                        Defendants.

----------------------------------------------------------------------

**MOTION OF DEFENDANTS, LIBERTY LIFE ASSURANCE**
**COMPANY OF BOSTON AND LORI HAMLIN, FOR SANCTIONS**
<u>**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11**</u>

      Pursuant to Fed. R. Civ. P. 11, Defendants, Liberty Life Assurance Company of Boston and Lori Hamlin, hereby move for sanctions with respect to the Amended Complaint of Plaintiff, Mark Jackson, including attorneys' fees, costs, and an injunction against further filings by Plaintiff and his counsel without approval of this court. This Motion was served upon Plaintiff's counsel on November 15, 2006, and the Amended Complaint has not been appropriately corrected or withdrawn within twenty-one (21) days.

- 2 -

In support of this Motion, Defendants incorporate by reference the accompanying Memorandum of Law, as well as the co-defendants' Motion for Sanctions Pursuant to Rule 11 Directed to the Amended Complaint and its accompanying Memorandum of Law.

Respectfully submitted,

s/ Grant E. Nichols
Michael J. Miller
Jason P. Gosselin
Grant E. Nichols
Attorney Id. Nos. 62437, 76382 and 94837
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6996

*Attorneys for Liberty Life Assurance Company of Boston and Lori Hamlin*

Dated:  December 7, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

MARK JACKSON,

     Plaintiff,

  v.

ROHM & HASS COMPANY, ET AL.,

     Defendants.

No. 06-CV-3682

---

**MEMORANDUM OF LAW OF
LIBERTY LIFE ASSURANCE COMPANY OF BOSTON AND LORI HAMLIN
IN SUPPORT OF MOTION FOR SANCTIONS**

**A. Introduction**

  Nearly seven years ago, Plaintiff Mark Jackson sued his former employer, Rohm & Haas Company ("R&H"), for its handling of a sexual harassment complaint against Mr. Jackson by another employee. Mr. Jackson has been unable to accept the fact that R&H had meritorious legal defenses to that lawsuit. After losing the state court action and exhausting all appeals, Mr. Jackson filed a new lawsuit ("*Jackson I*") in this Court alleging that the state court defendants falsified evidence and deprived him of a fair trial. The Court dismissed that complaint based on *res judicata* and collateral estoppel. Mr. Jackson was undeterred. He simply filed another lawsuit ("*Jackson II*") in this Court, alleging, among other things, that the R&H Defendants committed new crimes when they attached state court pleadings to their motion to dismiss.[1] On

---

[1] Mr. Jackson was sanctioned in connection with the original complaint in Jackson II. The Defendants moved to dismiss the amended complaint in Jackson II. On November 1, 2006, Mr. Jackson moved for leave to further amend that complaint.

August 18, 2006, Mr. Jackson filed yet another lawsuit ("*Jackson III*") in this Court, and still unsatisfied, on October 12, 2006, amended his complaint to include even more causes of action.

Although Mr. Jackson's amended complaint alleges a new "controversy" (*i.e.*, R&H's decision not to rehire him at the end of his six-year disability), this lawsuit is really just another attempt to harass R&H and those associated with R&H, including Liberty Life Assurance Company of Boston and its claims representative, Lori Hamlin (hereinafter, collectively, "Liberty Life").  Liberty Life hereby incorporate by reference and adopt the arguments advanced by the R&H Defendants in their motion for sanctions and accompanying memorandum of law. The claims against Liberty Life are especially deserving of sanctions.  Mr. Jackson and his attorney know that Liberty Life's sole involvement with R&H is to provide administrative services in connection with R&H's disability plan.  Liberty Life has *nothing* to do with R&H's personnel decisions, and the only purpose for including Liberty Life in this lawsuit was for harassment.

**B.      Facts alleged In Complaint**

Mr. Jackson began working for R&H on January 20, 1992 as an accountant.  *See* Complaint ¶ 19.  On June 26, 1998, Mr. Jackson went on a date with June McCrory, another R&H employee.  *See* Complaint ¶ 20.  Ms. McCrory later complained to members of R&H's Human Resources department about what took place on the June 26 date, which involved a sexual encounter.  *See* Complaint ¶¶ 21-22.  R&H then began an investigation into the incident, which included "extensive and detailed questioning about the intimate, physical details of the sexual encounter between plaintiff and McCrory."  Complaint ¶ 26.  On June 17, 1999, Mr. Jackson sued R&H for invasion of privacy, among other causes of action, for R&H's handling of the investigation of Ms. McCrory's complaint.  *See* Complaint ¶¶ 27-31.

Liberty Life was not involved in the investigation of the incident with Ms. McCrory, and was not a defendant in the state court action.[2]  Liberty Life's relationship with R&H is and was that of an administrative services provider.  As alleged by Mr. Jackson, R&H, which is self-insured, contracted with Liberty Life to provide certain insurance-related services, including the management and administration of R&H's disability insurance benefits plan.  *See* Complaint ¶ 16.  In September 2000, while the state court lawsuit was pending, Mr. Jackson became disabled and began receiving benefits for total disability.  *See* Complaint ¶ 60.  Mr. Jackson continued to receive disability benefits until March 10, 2006, *see id.*, when he advised that he was no longer disabled and desired to return to work.

Although Mr. Jackson's amended complaint is lengthy, there are only a few new allegations, and they principally involve R&H's decision not to rehire Mr. Jackson after he was medically released to return to work.  A review of the amended complaint also reveals relatively few references to Liberty Life, and only a handful of allegations of affirmative conduct on the part of Liberty Life.

Plaintiff alleges that, on February 16, 2006, his counsel notified R&H that he had been released to return to work, and that the letter was copied to counsel for Liberty Life.  *See* Complaint ¶ 44.  Plaintiff also alleges that, on February 23, 2006, he notified Liberty Life directly that he been medically released to return to work, and requested appropriate instructions to facilitate his return.  *See* Complaint ¶ 46.  In response, on February 24, 2006, Liberty Life's outside counsel wrote to Mr. Jackson's attorney, stating that Liberty Life provided

---

[2] Neither Liberty Life Assurance Company of Boston nor Lori Hamlin were defendants in *Jackson I*.  Mr. Jackson first alleged that Liberty Life Assurance Company of Boston was part of a conspiracy in *Jackson II*.  (See *Jackson v. Rohm & Haas*, No. 05-4988 (E.D.Pa.) (asserting that R&H and Liberty Life Assurance Company of Boston "improperly interfered with plaintiff's disability insurance benefits, and breached their fiduciary duties" to Plaintiff, at ¶ 42 of Complaint)).  Mr. Jackson first named Lori Hamlin as a defendant in the present matter, *Jackson III*.

administrative services only and was not involved in employment initiatives. *See* Complaint ¶ 48.

Apart from these fairly general allegations relating to the Plaintiff's notification that he was no longer disabled, Plaintiff alleges only four other communications (two by mail, and two by telephone) involving Liberty Life. They include the following:

- In February or March of 2006, Ms. Hamlin sought medical confirmation of Plaintiff's release to return to work from Dr. Anita Gordon-Bell. *See* Complaint ¶ 49.

- On March 10, 2006, Ms. Hamlin called Dr. Bell's office concerning the release of medical information. *See* Complaint ¶ 77.

- On March 10, 2006, Ms. Hamlin wrote to Plaintiff on behalf of Liberty Life to advise that his disability claim was being closed effective March 10, 2006, since both Plaintiff and his counsel had represented that Plaintiff had been medically released to return to work. *See* Complaint ¶ 52.

- On March 10, 2006, Ms. Hamlin also wrote to R&H to advise that the disability claim was being closed. *See* Complaint ¶ 77.

While the Plaintiff references Liberty Life and Ms. Hamlin elsewhere in his complaint,[3] there are no other allegations of specific conduct.

## C. Sanctions Are Warranted

To the extent that Plaintiff has a legally cognizable claim arising out of the decision not to hire him back once he was no longer disabled, it is not a claim against Liberty Life. The conduct of these Defendants, even as pled by Plaintiff, is typical of an ERISA plan administrator.

---

[3] For example, in paragraph 59, which goes on for two pages, there is a lone reference to Ms. Hamlin, where Plaintiff alleges Ms. Hamlin's correspondence was part of a "series of communications" that were part of "an effort to make the termination and/or termination process appear legitimate." *See* Complaint ¶ 59.

6

Plaintiff's absurd conspiracy theories, which inevitably extend to all persons who oppose his lawsuits, are not *facts* upon which a claim can be asserted. Plaintiff cannot in good faith attempt to hold Liberty Life responsible for the termination of his employment, even if his termination were somehow actionable.

While some lawyers are prone to hyperbole, and while some courts are prone to offer leeway in pleading, this Court should not overlook what Plaintiff has done in this lawsuit. He has accused Lori Hamlin – a claims representative who did nothing more than close a disability claim on a person who said he was no longer disabled – of being part of criminal conspiracy to obstruct justice, tamper with witnesses, and to engage in mail and wire fraud. Although the doctrine of judicial immunity protects litigants when their pleadings turn out to be factually or legally deficient, this does not mean that anything goes.

As argued by the R&H Defendants, Mr. Jackson's RICO claims premised on obstruction of justice/witness tampering are not based on any threats or other actual conduct. Instead, Mr. Jackson has shared his absurd and baseless conspiracy theories with numerous government officials. Having done so, he has positioned himself to assert that any action R&H might take to defend itself (or that Mr. Jackson perceives to be adverse to him) is retaliatory and constitutes a further obstruction of justice. As ludicrous as this sort of argument is when applied to the R&H Defendants, it is even worse in regard to Liberty Life. Under certain circumstances, an employer's termination of an employee *might* be within the realm of actionable retaliatory conduct. But even with Plaintiff's faculty for imagined conspiracies it is difficult to see how Liberty Life's conduct could constitute witness intimidation, obstruction of justice, retaliation, or anything remotely actionable.

After receiving notice that Mr. Jackson was no longer disabled, Liberty Life made two telephone calls and wrote two letters. These actions were part of the routine administration of Mr. Jackson's claim for benefits, and they had nothing to do with his termination. For these reasons, and for the reasons set fort in the R&H Defendants' memorandum of law, Liberty Life request that its motion for sanctions be granted.

        Respectfully submitted,

        s/ Grant E. Nichols
        Michael J. Miller
        Jason P. Gosselin
        Grant E. Nichols
        Attorney Id. Nos. 62437, 76382 and 94837
        One Logan Square
        18th & Cherry Streets
        Philadelphia, PA 19103-6996

        *Attorneys for Liberty Life Assurance*
        *Company of Boston and Lori Hamlin*

Dated:  December 7, 2006

8

**<u>CERTIFICATE OF SERVICE</u>**

I, Grant E. Nichols, hereby certify that on December 7, 2006, a copy of the foregoing was filed electronically and is available for viewing and downloading from the ECF system. Notice of this filing will be sent to all parties by operation of the court's Electronic Filing System.

s/ Grant E. Nichols