IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK JACKSON,<br>     Plaintiff,<br><br>  v.<br><br>ROHM & HAAS COMPANY, et al.,<br><br>     Defendants. | Civil Action No. 06-3682 |

**MEMORANDUM / ORDER**

September 5, 2007

  Presently before this court are the Rohm & Haas defendants'[1] Motion for Rule 11 Sanctions directed at plaintiff's original complaint (Docket No. 15), the Rohm & Haas defendants' Motion for Rule 11 Sanctions directed at plaintiff's amended complaint (Docket No. 27), and the Liberty Life Assurance Company defendants'[2] Motion for Rule

---

  [1] The Rohm & Haas defendants include the Rohm & Haas Co.; Raj L. Gupta, Chairman and CEO of Rohm & Haas; Robert A. Lonergan, Vice President and General Counsel of Rohm & Haas; Ellen Friedel, Assistant General Counsel for Rohm & Haas; and Marilyn Orr, Human Resources Manager for Rohm & Haas.

  [2] The Liberty Life defendants include Liberty Life Assurance Co. and Lori Hamlin, Senior Disability Case Manager for Liberty Life. Not included in either the Rohm & Haas defendants' group or the Liberty Life defendants' group are twenty-five as-of-yet unnamed "John Doe" defendants who "were officers, directors, executives, managers, committee members, administrators, attorneys, and other officials, representatives, and employees of R&H, Liberty Life, and/or others, and/or companies or individuals performing and/or providing various services to them, including but not limited to

11 Sanctions directed at the plaintiff's amended complaint (Docket No. 30).[3] The parties are well acquainted with the facts of this case, and so the court will not repeat them in detail here. It is sufficient to convey the following facts: Plaintiff was sanctioned for his complaint in the companion case, Civil Action No. 05-4988, because some of his claims were found to be unwarranted and frivolous within the meaning of Rule 11(b)(2).[4] He thereafter sought leave to amend his complaint, which I denied by Order of July 7, 2006. In that Order, I noted:

> I know of no reason to deny Jackson the opportunity to amend his complaint for a second time in order to include claims and theories based on his alleged termination. However, I will deny Jackson's motion because the second amended complaint that he proposes to file retains substantial elements from his original complaint that I have already determined, in the opinion filed on March 9, 2006, to be frivolous. *Jackson v. Rohm & Haas Co.*, 2006 WL 680933 (E.D. Pa. March 9, 2006). For instance, the proposed second amended complaint continues to assert that the defendants obstructed justice by submitting to this court, as part of an appendix, allegedly false evidence from the state court action. As the March 9, 2006 opinion stated, defendants never offered this evidence for its truth and therefore could not have committed fraud merely by submitting

---

lawyers and/or law firms providing legal services," none of whom, for obvious reasons, have pending motions in this case. Am. Compl. ¶ 14.

[3] Also presently pending are the Rohm & Haas defendants' Motion to Dismiss the Amended Complaint and the Liberty Life defendants' Motion to Dismiss the Amended Complaint. These motions will be addressed in a separate opinion.

[4] Rule 11(b) states, in relevant part: "By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances— . . . (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law . . . ."

it. Jackson challenged this conclusion in his motion for reconsideration, and I denied that motion in an opinion and order dated April 12, 2006. In footnote 10 of his current motion for leave to amend, Jackson challenges that conclusion yet again; once again, his argument is unpersuasive. I also note that Jackson's proposed second amended complaint asserts his loss of the *Jackson I* litigation as a basis for RICO damages and claims that defendants violated 42 U.S.C. § 1985 by interfering with his disability insurance benefits and filing a Rule 11 motion that, inter alia, was "not supported by the facts or correct legal standards [and sought] relief to which defendants are not entitled." Each of these positions was rejected in the March 9, 2006 opinion. For Jackson to continue to assert, in his proposed second amended complaint, claims and theories that I have already found frivolous is an exercise in futility, and granting him leave to file his proposed second amended complaint would therefore be inappropriate. Accordingly, I will deny his current motion. If Jackson wishes to renew his effort to file an amended pleading that presents claims based on his alleged termination by Rohm & Haas, he may try to do so, but he will not be permitted to append those claims to claims that have already been adjudicated frivolous.

Order of July 7, 2006.

Instead of undertaking to file another amended complaint in *Jackson II*, plaintiff, on August 18, 2006, filed a new civil action, the instant suit, which will be known as *Jackson III*, in which he raised claims arising from his alleged termination from Rohm & Haas. This has prompted the Rohm & Haas defendants to file one of the instant Rule 11 motions (Docket # 15). Thereafter, Mr. Jackson amended his Jackson III complaint on October 12, 2006 (Docket # 17), prompting the Rohm & Haas defendants and the Liberty Life defendants to file Rule 11 motions directed at the amended complaint (Docket Nos. 27, 30).

In accordance with Rule 11, I may impose sanctions where pleadings, motions or other papers (1) are "being presented for [an] improper purpose, such as to harass or to

3

cause unnecessary delay or needless increase in the cost of litigation"; (2) are not "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law"; or (3) contain allegations that have no evidentiary support and will not likely "have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b). Upon review of both the complaint and the amended complaint, I find that, while several of Mr. Jackson's claims are tenuous at best, they fall just short of the threshold for Rule 11 sanctions.

     First, with regard to the original complaint, I find that certain of Mr. Jackson's factual allegations come close to raising issues which I previously adjudicated frivolous in my March 9, 2006 Order. Most notably, Mr. Jackson explains in depth his belief that "[t]he *Jackson I* defendants knew or should have known that the [Warwick] documents were fraudulent and that the testimony with respect to the documents had been perjured." Compl. ¶ 45. Had Mr. Jackson attempted to base a cause of action on purported facts such as that, he would have run afoul of my July 7, 2006 Order as well as Rule 11. However, Mr. Jackson has not re-asserted any causes of action that I had previously adjudicated frivolous, concentrating his original complaint on causes of action potentially arising from his alleged termination. Since plaintiff has not violated my July 7 Order, and the termination claims do not appear to have been advanced for any improper purpose or dilatory motive, there is no basis for sanctions.

The amended complaint adds some new causes of action.  But it does not present grounds for Rule 11 sanctions.  Indeed, the amended complaint takes a step forward by not repeating references to "fraudulent" Warwick documents and related "perjured" testimony.

AND NOW, this 5th day of September, 2007, having considered the Rohm & Haas defendants' Motion for Rule 11 Sanctions directed at plaintiff's original complaint (Docket No. 15), the Rohm & Haas defendants' Motion for Rule 11 Sanctions directed at plaintiff's amended complaint (Docket No. 27), the Liberty Life Assurance Company defendants' Motion for Rule 11 Sanctions directed at the plaintiff's amended complaint (Docket No. 30), and all oppositions and replies thereto, it is hereby ORDERED that the motions are DENIED.  It is further ORDERED that each party is responsible for their own costs in preparing and responding to the motions for sanctions.

BY THE COURT:

/s/ Louis H. Pollak
Pollak, J.