IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARK JACKSON,
        Plaintiff,

v.

ROHM & HAAS COMPANY, et al.,

        Defendants.

Civil Action No. 06-3682

**SUPPLEMENTAL MEMORANDUM/ORDER**

On Thursday, September 6, 2007, I issued a Memorandum/Order (Docket No. 48) denying the defendants' motions to dismiss Counts XV and XVI of plaintiff Mark Jackson's amended complaint because I concluded that plaintiff had properly pleaded state-law (Pennsylvania) causes of action for fraud and negligent misrepresentation.  Mem./Order of September 6, 2007, at 28–30.  I neglected, however, to address the Liberty Life defendants'[1] argument that the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461, preempts both claims against Liberty Life, the administrator of plaintiff's disability benefits, and the other Liberty Life defendant.  For the reasons that follow, I now conclude that both claims are preempted as to the Liberty Life defendants.[2]  Therefore, I will

---

[1] The Liberty Life defendants are Liberty Life Assurance Co. of Boston and Lori Hamlin. I refer to the other defendants—Rohm & Haas Co., Raj Gupta, Robert Lonergan, Ellen Friedel, and Marylin Orr—as the Rohm & Haas defendants.  In addition, plaintiff Jackson has sued 25 John Doe employees of either Rohm & Haas or Liberty Life.  *See* Am. Compl. ¶ 14.

[2] The Rohm & Haas defendants have not argued that ERISA preempts the state-law claims against them.  Because of this — and bearing in mind a difference between the Rohm &

vacate §§ II.F and G of my previous Memorandum/Order and modify it to dismiss Counts XV and XVI of the complaint against them.

As detailed in my previous Memorandum/Order, the essence of both the fraud and negligent misrepresentation claims is that the defendants fraudulently refused to facilitate Jackson's return to work following a period of disability while terminating his disability benefits and eventually terminating his employment—all allegedly in retaliation for his providing information to federal law enforcement officials and for his suing the defendants. *See* Am. Compl. ¶ 77–78; *see also* Mem./Order of September 6, 2007, at 29–30.

In my previous Memorandum/Order, I noted that an element of both fraud and negligent misrepresentation is a material misrepresentation. Mem./Order of September 6, 2007, at 28, 30. It is unclear from the amended complaint which of Liberty Life's two alleged representations are alleged to be false, so I will consider each.[3]  First, Jackson alleges that Liberty Life told him that it could not facilitate his return to work, as it was only a benefits claim processor. Am. Compl. ¶¶ 48 & 78(b). Jackson seems to allege that this was false, and that Liberty Life in fact should have facilitated his return to work, but refused to do so out of some sort of animus. *Id.* ¶ 78(b). Second, he alleges that Liberty Life represented that his benefits were terminated because he was no longer disabled. *Id.* ¶¶ 52 & 78(e). He also seems to allege that this was false, and that Liberty Life in fact terminated his benefits prematurely or for some improper reason. *Id.* ¶ 78(e).

---

Haas defendants and the Liberty Life defendants, namely that Rohm & Haas was Jackson's employer in addition to being, like Liberty Life, an administrator of Jackson's disability benefits — I will not dismiss Counts XV and XVI against the Rohm & Haas defendants.

[3] The only communications from Liberty Life to Jackson that Jackson alleges appear in paragraphs 48, 52, and 78(b) & (e) of the complaint.

ERISA preempts all state-law causes of action that "relate to any employee benefit plan." 29 U.S.C. § 1144(a).  In *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 140 (1990), the Supreme Court held that a state-law action for wrongful termination was preempted because the plaintiff alleged that the what made the termination wrongful was the employer's motive to avoid paying plan benefits.  Because "there simply [wa]s *no* [state-law] cause of action if there was no plan," the state cause of action was "related to" an employee benefit plan, and thus preempted. *Id.*  That same logic applies here.  Without the ERISA plan, Jackson would have no claim that Liberty Life tortiously handled the termination of his disability benefits or his attempted return to work following a period of disability.  Indeed, his primary complaint against Liberty Life is that it did not enforce the alleged return-to-work provision of his disability benefits plan.  Am. Compl. ¶ 78(e).  Because the fraud and negligent misrepresentation claims arise from a dispute over Jackson's rights under an ERISA plan and Liberty Life's handling of his benefits claim, ERISA preempts them.  *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 48 (1987) (holding that common law causes of action based on improper claims processing are preempted); *see also In re U.S. Healthcare, Inc.*, 193 F.3d 151, 162 (3d Cir. 1999) (explaining that "claims that the plan participant was entitled to, but did not receive, a certain quantum of benefits under his or her plan" are preempted).

Jackson attempts to get around preemption by arguing that his state-law claims pertain to tortious conduct, not to the administration of his benefits.  But, as the Court of Appeals for the Sixth Circuit has noted, what matters is not that a claim is couched as a tort claim, but rather the "true nature of the issues underlying the claim.  Where resolution of the misrepresentation claim necessarily requires evaluation of the plan and the parties' performance pursuant to it, the claim

is preempted." *Penny/Ohlman/Nieman, Inc. v. Miami Valley Pens. Corp.*, 399 F.3d 692, 703 (6th Cir. 2005).  Here, Liberty Life is alleged to have misrepresented its reasons for terminating Jackson's disability benefits and its inability to facilitate his return to work pursuant to the disability benefits plan.  *See* Am. Compl. ¶ 78(b) & (e).  Reading Jackson's complaint as generously as possible, I cannot disentangle the fraud and negligent misrepresentation claims against Liberty Life from Jackson's alleged entitlements under the disability benefits plan or from the manner in which his benefit claims were processed.  Therefore, I conclude, as to the Liberty Life defendants, that those claims are preempted.[4]

AND NOW, this 12th day of September, 2007, for the foregoing reasons:

1. §§ II.F and II.G of the September 7, 2007 Memorandum/Order are VACATED;

2. § III (Conclusion) of the September 7, 2007 Memorandum/Order is MODIFIED in the following respects: Count XV and Count XVI are, as to the Liberty Life defendants, DISMISSED.

/s/ Louis H. Pollak

_____
Pollak, J.

---

[4] I am not dismissing the Counts XV and XVI against the John Doe defendants, as it is unclear, at this stage of the litigation, whether they are Rohm & Haas or Liberty Life employees.