IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARK JACKSON,
              Plaintiff,

v.

ROHM & HAAS COMPANY, et al.,

              Defendants.

Civil Action No. 06-3682

**MEMORANDUM/ORDER**

Presently before the Court are (1) the Rohm & Haas defendants'[1] motion for reconsideration of my memorandum/order granting in part and denying in part its motion to dismiss plaintiff Mark Jackson's amended complaint (Docket No. 50), (2) the Liberty

---

[1] In addition to Rohm & Haas and Liberty Life, plaintiff's complaint alleges causes of action against Raj L. Gupta, Chairman and CEO of Rohm & Haas; Robert A. Lonergan, Vice President and General Counsel of Rohm & Haas; Ellen Friedel, Assistant General Counsel of Rohm & Haas; Marilyn Orr, Human Resources Manager for Rohm & Haas; Lori Hamlin, Senior Disability Case Manager for Liberty Life; and twenty-five "John Doe" defendants, who "were officers, directors, executives, managers, committee members, administrators, attorneys, and other officials, representatives, and employees of R&H, Liberty Life, and/or others, and/or companies or individuals performing and/or providing various services to them, including but not limited to lawyers and/or law firms providing legal services." Most of these defendants have been named in one or another of the complaints in plaintiff's previous lawsuits. For ease of reference throughout this memorandum/order, I will refer to Rohm & Haas and its employees as the "Rohm & Haas defendants" and Liberty Life and its employees as the "Liberty Life defendants" where it is necessary to make such a distinction.

Life defendants' motion for reconsideration of that same memorandum/order granting in part and denying in part its motion to dismiss plaintiff Mark Jackson's amended complaint (Docket No. 51), (3) the Liberty Life defendants' motion for enlargement/stay of deadline to file an answer (Docket No. 52), and (4) plaintiff Jackson's motion to strike the Liberty Life defendants' motion for enlargement/stay of time to file an answer (Docket No. 55).  These motions are ripe for disposition.

I.      **The Rohm & Haas Defendants' Motion for Reconsideration**

The parties are familiar with the facts, so I will not recite them here.  In its motion for reconsideration, the Rohm & Haas defendants argue first that I erred in not dismissing Count XII (violation of ERISA § 510) of the amended complaint because plaintiff did not allege that the Rohm & Haas defendants retaliated against him "*because he exercised his ERISA rights*."  Def. Rohm & Haas's Mem. of Law in Support of Def.'s Motion for Reconsideration of the Order of Sept. 5, 2007, at 4 (emphasis original).  I direct the Rohm & Haas defendants to paragraph 98 of the amended complaint.  ("The termination was part of a pattern of conduct, which included repeated interference with plaintiff's disability insurance benefits and employment (including repeated threats to suspend/terminate plaintiff's benefits (which were, in fact, suspended and terminated)), intended to both prevent receipt of the benefits, as well as to retaliate for plaintiff's receipt of ERISA protected benefits.").  Therefore, I decline to reconsider my denial of the Rohm & Haas defendants' motion to dismiss Count XII.

The Rohm & Haas defendants further argue that I erred in not recognizing that Jackson did not properly allege a material misrepresentation or reliance thereon, both of which are necessary to sustain Counts XV (state-law fraud) and XVI (state-law negligent misrepresentation). That Jackson pleaded those elements is beyond dispute. Am. Compl. ¶¶ 109 & 111. Moreover, throughout the amended complaint, and particularly in paragraphs 52, 53, 77, and 78, Jackson alleged more particularly that the Rohm & Haas defendants fraudulently misinformed him on the subject of his return to work. As I noted in my previous memorandum/order, whether he relied on those representations to his detriment is an issue of fact to be resolved through the discovery process, motions for summary judgment, and, if necessary, trial, not through a motion to dismiss. Mem./Order of Sept. 5, 2007, at 29–30. Therefore, I decline to reconsider my denial of the Rohm & Haas defendants' motion to dismiss Counts XV and XVI.

## II.     The Liberty Life Defendants' Motion for Reconsideration

The Liberty Life defendants argue first that I misunderstood the standard for considering a motion to dismiss under the Supreme Court's recent clarification in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007). On the contrary, my previous memorandum/order both cited and applied *Twombly*. *See* Mem./Order of Sept. 5, 2007, at 20. In that memorandum I ruled that Jackson's ERISA § 510 claim "raise[s] a right to relief above the speculative level on the assumption that all of the complaint's allegations are true (even if doubtful in fact)." *Twombly*, 127 S.Ct. at 1965 (citations omitted). I

remain of that view. Jackson has alleged that the Liberty Life defendants and the Rohm & Haas defendants worked together to retaliate against him for accessing his disability benefits. Even if these allegations are "doubtful in fact," *id.*, they are not wholly implausible. Therefore, I decline to reconsider my denial of the Liberty Life defendants' motion to dismiss Count XII.

### III. The Liberty Life Defendants' Motion for Enlargement/Stay of Deadline to Answer Plaintiff's Amended Complaint and Jackson's Motion to Strike that Motion

A motion to reconsider an order denying a motion to dismiss does not automatically stay the ten-day deadline for filing an answer to plaintiff's amended complaint, as nothing in the Federal Rules of Civil Procedure so provides. Therefore, the Liberty Life defendants may only be accorded leave to postpone its filing by order of the court. I agree with the Liberty Life defendants that to answer the amended complaint in its current form—bearing in mind that all but one of the counts against the Liberty Life defendants have been dismissed and that the amended complaint tucks allegations related to that count in the midst of other counts—would be unduly burdensome. Therefore, I will direct that plaintiff file a second amended complaint that will—succinctly—bring the surviving claims into sharper focus. That second amended complaint should (a), in one count, present Jackson's ERISA § 510 claim against all defendants, (b), in a second count, present his fraud claim against the Rohm & Haas defendants, and (c), in a third count, present his negligent misrepresentation claim against the Rohm & Haas

defendants. This second amended complaint is to be filed within fourteen days of the date of this order. The defendants will then have ten days to file their answers.

**IV.    Conclusion**

AND NOW this 26th day of September, 2007, it is hereby ORDERED that:

1. The Rohm & Haas defendants' motion for reconsideration (Docket No. 50) is DENIED;

2. The Liberty Life defendants' motion for reconsideration (Docket No. 51) is DENIED;

3. The Liberty Life defendants' motion for enlargement/stay of deadline to answer plaintiff's amended complaint (Docket No. 52) is GRANTED. Plaintiff is ORDERED to file a second amended complaint alleging only violations of ERISA § 510 against all defendants, fraud against the Rohm & Haas defendants, and negligent misrepresentation against the Rohm & Haas defendants, within fourteen days of this order. Defendants are ORDERED to answer the second amended complaint with ten days of its filing.

4. Plaintiff's motion to strike the Liberty Life defendants' motion for enlargement/stay of deadline to answer plaintiff's complaint (Docket No. 55) is DENIED.

BY THE COURT:

/s/ Louis H. Pollak
_____
Pollak, J.